IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| CRISTAL PRESSLEY, ) | |
| ) | |
| ) | CIVIL ACTION NO: |
| Plaintiff, ) | |
| v. ) | JURY TRIAL DEMANDED |
| ) | |
| UNITED AIRLINES, INC. ) | |
| ) | |
| Serve: Registered Agent ) | |
| CT Corporation System ) | |
| 4701 Cox Rd. ) | |
| Ste 285 ) | |
| Glen Allen, VA 23060-6808 ) | |
| ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT

Plaintiff, Cristal Pressley ("Pressley" or "Plaintiff"), by counsel, brings this action against Defendants United Airlines, Inc. ("United") for damages and alleges as follows:

### THE PARTIES

1. Plaintiff Pressley is a natural person, and at all times relevant hereto was, a citizen of the Commonwealth of Virginia, residing in the town of Suffolk, Virginia.

2. Defendant United is an Illinois corporation conducting business in the Commonwealth of Virginia.

### JURISDICTION AND VENUE

3. This court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. § 1331 and 42 U.S.C. §2000e-5.  Venue properly lies in this Court because the controversy involves Defendant's behavior at Plaintiff's place of employment, in the Eastern District of Virginia.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

4.Prior to instituting this suit, Pressley timely filed an administrative claim with the Norfolk Office of the Equal Employment Opportunity Commission (EEOC) on August 01, 2019.  A true and correct copy of the Charge of Discrimination is attached to this complaint and incorporated by reference as Exhibit "A".

5.The EEOC failed to resolve the claim and issued a right-to-sue letter dated December 1, 2020.  True and correct copies of the right-to-sue letter is attached to this complaint and incorporated by reference as Exhibits "B".  Pressley received the right to sue letter on December 4, 2021.  Plaintiff has filed her complaint within 90 days from the date she received her notices authorizing the right to bring this action.

## STATEMENT OF FACTS

6.Plaintiff Pressley is a black female.

7.Pressley began employment with United as a Flight Attendant on or about January 29, 2019.  Upon hire, flight attendants undergo an initial training course typically lasting six weeks.  After successful completion of this training, flight attendants are then placed on a probationary period of approximately six months.

8.Pressley successfully completed her training requirements and reported to United's Dulles International Airport base on or around March 22, 2019.

9.Shortly thereafter Pressley completed United's orientation program and began working under the supervision of Sandra Sales ("Sales"), a United Inflight Supervisor.

10.On or about May 10, 2019, Pressley was released to "crew rest" after returning from a flight.  Pressley was not aware she was scheduled for a "stand-by" assignment.

11.     Crew rest contacted Pressley the next morning when they did not see Pressley on assignment.  Pressley immediately contacted the Domicile to see what she needed to do.  Pressley was told to send an email to her supervisor, Sales.  Accordingly, Pressley emailed Sales to explain the situation.

12.     On or about May 21, 2019, Rob Workman (Manager) met with Pressley to discuss what happened.

13.     On or about June 4, 2019, Sales met with Pressley to further discuss what happened.  Pressley explained that she had done everything pursuant to her training.  Sales told Pressley they would meet June 5 to discuss her monthly evaluation.

14.     On June 5, 2019, Sales discharged Pressley.  Sales informed Pressley that she was "unfit", "unreliable" and should have seen the flight information online.

15.     Sales decision fire Pressley was directly contradictory to her treatment of a white coworker of Pressley, Rylie McCarriar ("McCarriar") -- a white female.

16.     McCarriar undertook the same training at the same time as Pressley.

17.     McCarriar missed a flight in May 2019.  McCarriar informed Sales.   Sales told McCarriar she was told not to worry about it.  McCarriar remained employed with United – *i.e.,* McCarriar was permitted to continue her job, and  therefore received more favorable treatment.

## COUNT I
### Racial Discrimination in Violation of Title VII
(42 USC 2000e *et seq.*)

18.     Plaintiff repeats and realleges each and every Paragraph of this Complaint as though fully set forth herein.

19.     The Defendant's conduct as alleged at length herein constitutes discrimination based on race in violation of Title VII.

20. The stated reasons for Defendant's conduct were not the true reasons, but instead were pretext to hide Defendant's discriminatory animus.

21. Defendant, through the actions of Sales, discriminated against Plaintiff based on her race.

22. Unlike her white coworkers, Pressley was not permitted to continue working after following her training protocol for missing an assigned flight.

23. Defendant's conduct was intentional and its violations of federal law were willful.

24. As a direct and proximate result of Defendant's violation of Title VII based on Plaintiff's race, Plaintiff has suffered damages, including but not limited to loss of past and future income and fringe benefits, loss of professional reputation, mental anxiety and emotional distress.

25. Plaintiff is entitled to recover her reasonable attorney fees, costs and expert witness expenses pursuant to Title VII.

26. Due to the severity of Defendant's conduct, Plaintiff is also entitled to punitive damages.

## COUNT II
**Racial Discrimination in Violations of Section 1981**
(42 U.S.C. § 1981)

27. Plaintiff respectfully incorporates by reference Paragraphs One through 23 as if set out in full herein.

28. Defendant intentionally discriminated against Plaintiff, who is Black.

29. Defendant racially discriminated against Plaintiff in interfering with the wages, benefits, privileges, terms and conditions of the Plaintiff's employment relationship with Defendant.

30. Defendant racially discriminated against Plaintiff in that she was a member of a protected class, an adverse employment action occurred and similarly situated white coworkers of Plaintiff were treated differently.

31. As a result of the racial discrimination, Defendant deprived Plaintiff of constitutional and statutory rights motivated by racial considerations.

32. As a direct and proximate result of Defendant's conduct, Plaintiff suffered and continues to suffer loss of income, damage to career, loss of career opportunity, inconvenience, loss of enjoyment of life, severe emotional distress, anxiety, humiliation, embarrassment, damage to reputation, violations of her statutory rights and other consequential damages.

33. At all times material hereto, the Defendant's acts and omissions were done intentionally, willfully, with deliberate indifference, with reckless indifference and/or with malice toward the federal and statutory and common law rights of Plaintiff.

## JURY DEMAND

**Plaintiff demands a jury trial.**

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Cristal Pressley, prays for entry of judgment in favor of Plaintiff and against Defendants United Airlines, Inc., in the form of the following relief:

a. Back Pay;

b. Front Pay;

c. Compensatory Damages;

d. Punitive Damages;

e. Attorneys' fees and court costs associated with this suit; and

f. Other such relief as may be appropriate to effectuate the purpose of justice.

Date: March 2, 2021                                  Respectfully submitted,

                                                     CRISTAL PRESSLEY

                                                     __/s/__Todd M. Gaynor_____
                                                     Todd M. Gaynor, Esquire

Virginia Bar No.: 47742  
GAYNOR LAW CENTER, P.C.  
440 Monticello Avenue, Suite 1800  
Norfolk, Virginia 23510  
PH: (757) 828-3739  
FX: (75) 257-3674  
EM: tgaynor@gaynorlawcenter.com  
*Counsel for Plaintiff*